## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**AMERICAN HOME ASSURANCE
COMPANY,**

      **Plaintiff,**

**v.**                                            **Case No.  8:05-cv-2250-T-30MSS**

**JOHN K. VREELAND, Administrator Ad
Litem for the Estate of JOSE MARTINEZ,
and the Personal Representative of the Estate
of JOSE MARTINEZ, Deceased; DANNY
FERRER d/b/a FERRER AVIATION;
DANNY FERRER; BIOMETRIC SCIENCE
FOUNDATION, LLC; AEROLEASE OF
AMERICA, INC.; and LINDA PALAS, as
Personal Representative of the Estate of
DONALD PALAS, Deceased,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants', Danny Ferrer d/b/a Ferrer

Aviation, Danny Ferrer, individually, and Biometric Science Foundation, LLC., Motion to

Dismiss for Subject Matter Jurisdiction (Dkt. #16), and Plaintiff American Home Assurance

Company's Memorandum in Opposition to Defendants', Danny Ferrer, Danny Ferrer d/b/a

Ferrer Aviation, and Biometric Science Foundation, LLC, Motion to Dismiss for Lack of

Subject Matter Jurisdiction (Dkt. #23-1).  The Court, having considered the motion, response,

memoranda, incorporated exhibits, and being otherwise advised in the premises, finds that

Defendants' motion should be granted without prejudice.

Defendants argue that since John K. Vreeland, as administrator and personal representative of the estate of Jose Martinez, has amended the underlying state court complaint by removing the words "for consideration", Plaintiff's claims in this case are now moot; and as a result, this Court lacks subject matter jurisdiction over the claims brought in this case.  The Court is not persuaded by this argument.

Under Florida law, a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify.  *See Higgins v. State Farm Fire and Casualty Company*, 894 So. 2d 5 (Fla. 2005).  Typically, an insurer's obligation to defend is determined solely by the claimant's complaint if suit has been filed.  *Higgins*, 894 So. 2d 5, 10.  However, recently the Florida Supreme Court noted "that there are some natural exceptions to this standard where an insurer's claim that there is no duty to defend is based on factual issues that would not normally be alleged in the underlying complaint."  *Higgins*, 894 So. 2d 5, 10, n. 2 (Fla. 2005).  Additionally, under Florida law an insurer's duty to indemnify is determined by analyzing the policy coverages in light of the actual facts of the underlying case.  *Underwriters At Lloyds London v. STD Enterprises, Inc.*, 395 F. Supp. 2d 1142, 1147 (M.D. Fla. 2005), citing *Auto Owners Ins. Co. v. Travelers Cas. & Surety Co.*, 227 F. Supp. 2d 1248, 1258 (M.D. Fla. 2002).  Accordingly, the Court may consider evidence outside of the allegations of the underlying complaint in evaluating the duty to indemnify.  *See Underwriters* at 1147, n. 8.

For these reasons, the Court concludes that Plaintiff may bring a declaratory judgment action as to an insurer's duty to defend and duty to indemnify based on actual facts not otherwise pled in the underlying state-court lawsuit.

Nevertheless, upon review of the Complaint for Declaratory Judgment (Dkt. #1-1) and the Aircraft Insurance Policy attached as Exhibit "A" to the Complaint for Declaratory Judgment (the "Policy") (Dkt. #1-2), it appears that Plaintiff has failed to sufficiently plead in the Complaint for Declaratory Judgment that the airplane at issue was being used for non-commercial use. Plaintiff has plead in Paragraph 22 of the Complaint for Declaratory Judgment that "the accident occurred during a commercial flight since it was for consideration as alleged in the Amended Complaint, and the insurance policy is for non-commercial use only." Such allegations do not sufficiently plead that the airplane was being used for non-commercial use under the language of the Policy. Part Five of the Policy, Definition of Words, states:

> **"Non-Commercial"** use means private pleasure and business use, excluding any use for hire, money or any form of reward or compensation. Being reimbursed for or sharing the direct expenses of a flight if the sum of these expenses does not result in a profit to you or anyone is not excluded.

Accordingly, simply pleading that the flight was "for consideration" is insufficient to show that the flight in question was a commercial flight. Pursuant to the language of the Policy, an insured was permitted to accept reimbursements for or share expenses of a flight, as long as the sum of such reimbursements did not result in a profit. Accordingly, Plaintiff has failed

to allege a basis in the Complaint for Declaratory Judgment upon which there would be no potential coverage for Defendants under the Policy.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants' Motion to Dismiss for Subject Matter Jurisdiction (Dkt. #16) is GRANTED IN PART AND DENIED IN PART as stated herein.

2.      Plaintiff's Complaint for Declaratory Judgment (Dkt. #1-1) is dismissed without prejudice.

3.      Plaintiff may file an amended complaint within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-2250.dismiss dec action.wpd